**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**TERRY ANN FREDRIKSEN,**                :

            **Petitioner.**                          :

**vs.**                                                    :        **CA 09-0342-KD**

**UNITED STATES OF AMERICA,** :        **CR 07-0391-KD**

            **Respondent.**                        :

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a federal prison inmate proceeding *pro se*, has filed a

motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. §

2255 (Doc. 48). This action has been referred to the undersigned for entry

of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After consideration, it is recommended that Fredriksen's § 2255 motion be

dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).  It is also

determined that Petitioner is not entitled to a certificate of appealability.

**I.        Factual Background/Procedural History**

On January 28, 2008, Fredriksen entered a counseled guilty plea to

Count 1 of the superseding indictment, or conspiracy to possess with the

intent to distribute methamphetamine. (Doc. 30, p. 1.)  Counts 2, 3, 4, 5, and

6 were dismissed on motion of the United States.  (Doc. 45, p. 1.)

Fredriksen was sentenced on April 18, 2008, to 135 months imprisonment. (*See* Docket Sheet, Minute Entry for April 18, 2008.)  Judgment was entered by this Court (Doc. 45) on April 18, 2008,[1] and  Petitioner filed a Notice of Non-Appeal (Doc. 44) on April 22, 2008.  The paragraph above Fredriksen's signature clearly states:

> I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence.  I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal.  I have had sufficient time to consider my options and require no further explanation. After consideration, *it is my desire to inform the Court that I do not wish to take an appeal*.

(Doc. 44, p. 1 (emphasis added).)  Fredriksen accordingly did not file an appeal.  Therefore, this Court's judgment became final ten days after May 1, 2008, or May 15, 2008, allowing for weekends and holidays.

On June 4, 2009, Petitioner signed and dated her current § 2255 petition, which was then filed on June 15, 2009.[2]  (Doc. 48, p. 6.) Therein, Petitioner stated that she never received a downward departure for her

---

[1] The Judgment was executed on April 18, 2008 and entered into the Court record on May 1, 2008.  (*See* Doc. 45.)

[2] Following *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam), the date a prisoner presents a filing to prison authorities for mailing must be deemed the date of filing with the Court.  *See also Adams v. U.S.*, 173 F.3d 1339, 1341 (11th Cir. 1999) (stating that a "pro se prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing.").

cooperation with Assistant U.S. Attorney George May or the arresting officers, that her confession was coerced, and that she was "sentenced for all drugs in all counts," despite the other counts being dismissed by the government.  (*Id*. at 4-5.)  Nowhere in her § 2255 petition did Fredriksen give any reasons for failing to file a timely motion to vacate her sentence.

On June 24, 2009, the government filed a Motion to Dismiss Fredriksen's § 2255 motion on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (Doc. 50.)  After Fredriksen made no response to that motion, the undersigned entered a show cause order on December 16, 2009, entreating Fredriksen to explain why her petition should not be dismissed as a matter of law for being clearly filed after the one-year statute of limitations found in 28 U.S.C. § 2255(f) without having established (or even attempted to establish) any basis for equitable tolling.  (Doc. 50, p. 2.)  On December 30, 2009, Petitioner responded to the undersigned via a letter (Doc. 52) stating that she filed her motion untimely because "[she] was unaware that there was a time limit or even a course of action to correct ineffective counsel."  (Doc. 52, p. 1.)  Fredriksen further explains:

> First I was sent to County Jail for the first 3 [months] of my
> incarceration which had no law library [sic].  Then I was sent

to Tallahassee, Fl. and [sic] they have a law library[,] but the
clerks are not allowed to give inmates any advice concerning
their cases, which left me just as ignorant as when I started.
Then I was transferred to Waseca, [Minnesota,] and here we
do have a law library and people to advise us.  As soon as I
was aware that there is [sic] a course of action to be taken, I
filed the [Motion to Vacate].

(*Id*.)

## II.   Discussion.

### A.   The Motion to Vacate

The Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA") was enacted on April 24, 1996 and, pertinent to this case,

added a new subdivision to 28 U.S.C. § 2255, subdivision *f*, providing for a

one-year period of limitations within which federal prisoners must file their

motions to vacate pursuant to 28 U.S.C. § 2255.  *Akins v. United States*, 204

F.3d 1086, 1089 (11th Cir.) ("On April 24, 1996, Section 105 of the

Antiterrorism and Effective Death Penalty Act . . . took effect. That section

amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation'

for motions filed pursuant to § 2255."), *cert. denied*, 531 U.S. 971, 121

S.Ct. 410, 148 L.Ed.2d 316 (2000).  That section reads:

(f) A 1-year period of limitation shall apply to a motion under
this section.  The limitation period shall run from the latest
of—
        (1) the date on which the judgment of conviction

4

becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Subsections (2), (3), and (4) of § 2255(f) clearly do not apply to petitioner's case and therefore, the timeliness of Fredriksen's petition must be calculated under § 2255(f)(1) based upon the date on which her conviction became final.  In this case, the Court entered judgment against Fredriksen on May 1, 2008.  Because Petitioner did not appeal her conviction or sentence, the judgment of conviction became final on May 15, 2008, ten days after it was entered.  *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."); *see* Fed.R.App.P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed

in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Therefore, under *Mederos*, Fredriksen had until May 15, 2009, to timely file a collateral attack pursuant to § 2255. Because Petitioner did not file her § 2255 motion until June 4, 2009, twenty days after her one-year limitation period expired, this Court cannot reach the merits of Petitioner's claim unless she is entitled to equitable tolling.

"In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond [her] control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003); *see also Johnson v. United States*, 340 F.3d 1219,

1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005); *see Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'").

In this case, Petitioner has not established that the instant habeas corpus petition was timely filed nor has she established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations

period. *Johnson, supra,* 340 F.3d at 1226; *Jones, supra,* 304 F.3d at 1040; *see Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, ___ U.S. ___, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'").  In her response to the undersigned's show cause order of December 30, 2009, Petitioner stated only that she was unaware of the one-year statute of limitations (Doc. 52) and, therefore, the undersigned finds that this Court can make no determination other than that petitioner's own lack of due diligence, ultimately, is responsible for the untimeliness of the filing of the instant § 2255 petition.  This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson, supra,* 340 F.3d at 1226; *see also Melson, supra,* 548 F.3d at 1001 ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'").  It is perhaps important to remember, in this regard, that ignorance of the law does not give rise to a proper argument for equitable tolling. *U.S. v.*

8

*Caldwell*, 2007 WL 625913, *3 (M.D.Ala.) (citing *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) as holding that "ignorance of the law does not amount to an extraordinary circumstance excusing the late filing of a habeas corpus petition.").

     **B.**     **The Certificate of Appealability**

     Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his or her habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis added). Because, as previously established, Fredriksen's § 2255 petition was presented outside of § 2255(f)'s one-year statute of limitations without any argument for equitable tolling, reasonable jurists could not disagree with the undersigned's straightforward application of the statute of limitations as barring Petitioner's current action.

## III.   Conclusion.

For the foregoing reasons, it is the undersigned's recommendation that the instant petition be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f) and further, that Petitioner not be granted a certificate of appealability.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of February, 2010.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

10

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).