# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Terry Ann Fredriksen, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 13-378-KD |
| | ) | |
| v. | ) | Criminal No. 7-391-KD-N |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Terry Ann Fredriksen, a federal prison inmate proceeding *pro se*, has filed what is, effectively, a ***third*** motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 60). This action is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Proceedings. As explained below, it is **RECOMMENDED** that Fredriksen's current § 2255 petition be **DISMISSED**[1] and that the Court find that she is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

---

[1] Because Fredriksen's petition is due to be dismissed, the undersigned could order that her motion for leave to proceed *in forma pauperis* (Doc. 62) be denied as moot. However, because "there is no filing fee or court costs associated with a § 2255 proceeding[,]" the motion is **DENIED as unnecessary**. *United States v. Garcia*, 164 Fed. App'x 785, 786 (10th Cir. Jan. 26, 2006) (citing Rule 3 of the Rules Governing Section 2255 Proceedings, Advisory Committee 1976 Adoption ("Even though there is no need to have a forma pauperis affidavit to proceed with the action since there is no requirement of a fee for filing the motion[, for the convenience of the Court,] the affidavit remains attached to the form to be supplied potential movants.")).

## I. Conviction and Previous Collateral Attacks

On January 28, 2008, Fredriksen entered a counseled guilty plea to Count 1 of a superseding indictment, for conspiracy to possess with the intent to distribute methamphetamine. (Doc. 30 at 1.) She was sentenced April 18, 2008, to 135 months imprisonment, and judgment was entered May 1, 2008 (*see* Doc. 45). Fredriksen did not pursue a direct appeal of her conviction.

Instead, she filed a § 2255 petition (Doc. 48), which was signed and dated June 4, 2009.[2] On February 8, 2010, Magistrate Judge Cassady recommended that the petition be denied, after determining that her petition was time-barred pursuant to § 2255(f) and that she was not entitled to equitable tolling. (*See generally* Doc. 53.) On March 3, 2010, Judge DuBose adopted his recommendation (Doc. 54) and entered judgment (Doc. 55).

In June 2012, Fredriksen again attempted to challenge her criminal judgment—not the judgment dismissing her § 2255 petition as time-barred—by filing a motion pursuant to Rule 60(b)(6) (Doc. 56). On June 25, 2012, after noting that Rule 60(b) "does not provide for relief from judgment in a criminal case" (Doc. 59 at 1 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)), Judge DuBose determined that, because Fredriksen's motion raised "claims" for relief, it should be "construed as a second or successive petition" (*id.* (citing

---

[2] "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, [a court in this Circuit] will assume that a prisoner's filing 'was delivered to prison authorities the day he signed it.'" *Fuller v. Terry*, 381 Fed. App'x 907, 908 (11th Cir. June 3, 2010) (per curiam) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999), and quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

*Gonzalez v. Crosby*, 545 U.S. 524, 528-536 (2005))) and, as such, dismissed because Fredriksen failed to first obtain authorization from the Eleventh Circuit before filing it (*see id.* at 1-2).

## II. This Collateral Attack

Rule 4 of the Rules Governing Section 2255 Proceedings, in pertinent part, provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254 counterpart, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *See Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (per curiam) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.'"), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198 (2006).[3]

---

[3] *See also Crosdale v. Thompson*, Civil Action No. 1:10–CV–2030–TWT–GGB, 2011 WL 529983, at *1 (N.D. Ga. Jan. 6, 2011) ("Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading . . . when the petition 'appears legally insufficient on its face'" (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))), *report and recommendation adopted*, 2011 WL 529972 (N.D. Ga. Feb. 3, 2011); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (same);

The successive habeas petition now before the undersigned is ideal for treatment under Rule 4. As Magistrate Judge Milling noted in *Allen v. United States*, Civil Action No. 12–0008–CG–M; Criminal Action No. 03–00097–CG–M, 2012 WL 1946246 (S.D. Ala. Apr. 6, 2012), *report and recommendation adopted*, 2012 WL 1946511 (S.D. Ala. May 29, 2012),

> "[a] . . . successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The Petitioner must seek and obtain this certification "*[b]efore* a . . . successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other grounds sub nom. Gonzalez v. Secretary*, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (en banc); *accord* Section 2255 Rule 4(b) (when the motion on its face reflects "that the moving party is not entitled to relief, the judge must dismiss the motion").

*Id.* at *1; *see also United States v. Muza*, Criminal No. 99–00074–WS, 2009 WL 2905569, at *1 (S.D. Ala. Sept. 4, 2009) (dismissing, pursuant to same authority, the defendant's petition for writ of audita querela, construed as a motion to vacate).

In her petition, Fredriksen asserts that a recent decision of the United States Supreme Court, *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013),

---

*Emerson v. United States*, No. Civ.A. 6:03-CV-030-C, 2004 WL 743914, at *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. *See* Rule 4 of the Rules Governing Section 2254 Cases . . . and Rule 4(b) [,] Rules Governing Section 2255 Proceedings[.]"); *United States v. Gray*, No. TCR 88-04060, TCR 93-40156-WS, 1996 WL 228461, at *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir. 1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

4

"entitle[s her] to relief at this time." (Doc. 60 at 3.) In *Alleyne*, according to Fredriksen, "[t]he Court made clear that 'any fact that, by law increase[s] the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.'" (*Id.*) Fredriksen thus argues that "[t]he Government [should have] submit[ted] an accurate amount of the drug quantity and other mandatory-minimum triggering facts to juries in special verdict forms to support [her] mandatory minimum sentence." (*Id.*) However, because Fredriksen did not first seek and obtain permission from the Eleventh Circuit before filing this successive petition, this Court is without jurisdiction to address her petition. *Lazo*, 314 F.3d at 574; *see, e.g., Allen*, 2012 WL 1946246, at *1 ("The Court finds that the AEDPA argument is irrelevant to the requirement that he receive permission from the Eleventh Circuit Court of Appeals before filing this action here under 28 U.S.C. § 2244(b)(3)(A). As for Petitioner's argument that the law has changed and that he should be allowed to seek redress under § 2255, he must still seek the Eleventh Circuit Court's permission before filing this action. As such, this Court finds that Allen has not obtained the required leave to file this successive petition and, therefore, this Court is required to dismiss it.").[4]

---

[4] Even if this was not the case, it is doubtful that *Alleyne* affords Fredriksen any relief. First, she chose not to proceed to trial before a jury and, instead, entered a counseled plea of guilty. *See United States v. Wimberly*, --- Fed. App'x ----, 2013 WL 3214988, at *1 (6th Cir. June 26, 2013) (per curiam) ("[T]he holding of *Alleyne* is irrelevant to this case because Wimberly entered a guilty plea and specifically admitted discharging a firearm during the credit-union robbery, the fact used to support his mandatory minimum sentence." (record citation omitted)); *Banks v. United States*, No. 1:13CV93 RWS, 2013 WL 3338500, at *1 n.1 (E.D. Mo. July 2, 2013) ("[E]ven if movant's motion[, construed as a successive § 2255 petition,] was properly before this Court, his argument under *Alleyne* would still be irrelevant. Movant entered a guilty plea and specifically entered into a plea

5

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

agreement with the Government . . . . Accordingly, it was Banks' own agreement that resulted in his sentence of 180 months' in this case. And *Alleyne* cannot be said to be applicable to his situation even if it were available to him in these proceedings." (citation omitted)). Second, this Court is without authority holding that *Alleyne* has been made retroactive to cases like Fredriksen's. *See, e.g., Luney v. Quintana*, Civil Action No. 6:13–003–DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013) (noting that "there is no indication in . . . *Alleyne* that the Supreme Court made [that] holding[] retroactive to cases on collateral review").

should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""").  Inasmuch as Fredriksen did not first seek permission from the Eleventh Circuit Court of Appeals, as required, before filing this successive petition, a reasonable jurist could conclude neither that this Court is in error in dismissing this petition nor that Fredriksen should be allowed to proceed further.  *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."); *accord Allen*, 2012 WL 1946246, at *2.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.  *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* CA 11–0165–WS–C, Doc. 14)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV. Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that this matter be **DISMISSED** and that the Court find that Fredriksen is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of August, 2013.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**